IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROWN PAUL BROWN, SR., <br><br> Plaintiff, <br><br> vs. <br><br> KARL P. SEEL, <br><br> Defendant. | CV 17-00024-BU-BMM-JCL <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on what has been construed as Plaintiff Rown Brown's Motion to Proceed in Forma Pauperis and lodged Complaint. (Docs. 1, 3.) The Court will grant Brown leave to proceed in forma pauperis but since Judge Seel is entitled to judicial immunity, this matter should be dismissed.

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

Because he is incarcerated, Brown must pay the statutory $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The initial partial filing fee in this matter will be waived. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Brown will, however, be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Brown

1

must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Brown is held to forward payments from Brown's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Brown is a prisoner incarcerated at the Gallatin County Detention Facility in Bozeman, Montana. (Complaint, Doc. 1 at 4.)

The named Defendant is Judge Karl Seel, a municipal court judge for the City of Bozeman. (Complaint, Doc. 1 at 4.)

### B. Allegations

Although somewhat incoherent, Brown seems to allege that he has been kidnaped and illegally detained. He alleges all of his federal and state rights have been violated. (Complaint, Doc. 1 at 6.)

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Brown is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. §§ 1915, 1915A. This statute requires the Court to

review a complaint filed in forma paueris and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* It must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Brown seeks relief from Judge Seel presumably based upon Judge Seel's

3

actions resulting in Brown's arrest and incarceration. Judge Seel is entitled to judicial immunity. Judges are absolutely immune from liability for damages based on acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). This immunity shields judges from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Butz v. Economou*, 438 U.S. 478 (1978).

Judicial immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (discussing federal judges' immunities). In addition, in 1996 Congress amended 42 U.S.C. § 1983 to prohibit the grant of injunctive relief against any judicial officer, state or federal, acting in his or her official capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judges are not immune, however, if they act in the clear absence of all jurisdiction or perform acts that are not judicial in nature. *Ashelman*, 793 F.2d at

4

1075. Acts are judicial where the acts are normally performed by a judge, and where the parties deal with the judge in his or her judicial capacity. *Id.*; *Sparkman*, 435 U.S. at 361; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). A judge will not be deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his or her authority; rather, he or she will be subject to liability only when he or she has acted in the clear absence of all jurisdiction. *Sparkman*, 435 U.S. at 356-57.

While Brown's Complaint is somewhat incoherent, he has only made allegations against Judge Seel regarding his judicial acts. Therefore, this matter should be dismissed based upon judicial immunity.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Brown's Motion to Proceed in Forma Pauperis (Doc. 3) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 1). The Complaint is deemed filed on April 24, 2017.

3. At all times during the pendency of this action, Brown shall immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be DISMISSED. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Brown may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of May, 2017.

          */s/ Jeremiah C. Lynch*
          Jeremiah C. Lynch
          United States Magistrate Judge